**Agit KHSHOYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74431.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 1, 2004.

&#9906;8

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Kaveh Ardalan, Fullerton, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Terri J. Scadron, Esq., Nancy E. Friedman, Esq., Jennifer A. Parker, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Agit Khshoyan, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the conclusion of the immigration judge ("IJ") that Petitioner is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"). Petitioner contends that there was not substantial evidence to support the IJ's determination that he could not demonstrate the requisite likelihood of persecution or torture to justify granting the requested relief. In addition, Petitioner alleges that the BIA abused its discretion in summarily affirming the IJ's decision.

This panel has jurisdiction over the petition for review of the BIA decision pursuant to 8 U.S.C. § 1252. The denial of a petition for asylum, withholding of removal and relief under the CAT is reviewed under the "substantial evidence" standard, and may be overturned only if the evidence "compels a reasonable factfinder to reach a contrary result." *Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003) (citation omitted). Since the underlying facts are known to the parties, they are repeated only as necessary.

To demonstrate eligibility for the discretionary relief of asylum, an alien bears the burden of demonstrating that he is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). While a showing of past persecution creates a presumption that an alien has a well-founded fear of future persecution, *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001), a well-founded fear of future persecution without such a showing must be objectively reasonable. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064–65 (9th Cir.2003).

■ Substantial evidence supports the IJ's conclusion that petitioner failed to demonstrate either past persecution or a well-founded fear of future persecution. The IJ fully credited petitioner's subjective concern with the discrimination he had faced in Armenia, as well as the possibility that similar events might occur in the future. However, the IJ concluded, quite correctly, that three isolated incidents of conflict, as unfortunate or discriminatory as those incidents might have been, simply could not constitute "persecution." The background information submitted on petitioner's behalf supported the conclusion that, at most, Yezidis in Armenia suffer discrimination based on their ethnicity, rather than anything heinous enough to constitute persecution. The evidence presented does not compel a reasonable fact-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

finder to conclude that Khshoyan had suffered, or might suffer persecution in the future on account of a statutorily-protected ground.

An alien is entitled to withholding of removal only if he can meet the "high standard" of demonstrating that it is "more likely than not" that he will be persecuted on account of a protected ground. *Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002); *see also* 8 U.S.C. § 1231(b)(3)(A). However, failure to qualify for asylum necessarily indicates a failure to satisfy the more stringent standard required to establish eligibility for withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Because petitioner could not qualify for a discretionary grant of asylum, he is not entitled to withholding of removal.

■ Similarly, an alien is not eligible for relief under the CAT unless he can prove "that it is more likely than not" that he would be tortured by either a governmental authority, or a private entity that the government is either unwilling or unable to control. 8 C.F.R. § 1208.16(c)(2); *see also Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003). Khshoyan is not entitled to CAT relief because he did not demonstrate that it is more likely than not that Armenian authorities would torture him if he returned to Armenia.

Petitioner argues that the BIA abused its discretion by streamlining his appeal. However, that argument has been expressly foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 335 F.3d 1009, 1014 (9th Cir.2003), *amended by* 350 F.3d 845 (9th Cir.2003).

**PETITION DENIED.**